UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INGRAM MICRO INC., ) <br> BRIGHTPOINT NORTH AMERICA, LP, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> INFINITY GROUP ENTERPRISES, ) <br> JOHN J. PARKER ) <br>   a/k/a JASON PARKER, ) <br>   ) <br> Defendants. ) <br> _____) <br>   ) <br> INFINITY GROUP ENTERPRISES, ) <br>   ) <br> Counter Claimant, ) <br>   ) <br> v. ) <br>   ) <br> BRIGHTPOINT NORTH AMERICA, LP, ) <br> INGRAM MICRO INC., ) <br>   ) <br> Counter Defendants. ) | No. 1:21-cv-00982-TWP-TAB |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS ON MOTIONS TO DISMISS, MOTION FOR
PREJUDGMENT ORDER OF POSSESSION AND ATTACHMENT,
AND MOTION TO REDUCE THE SEQUESTERED FUND BALANCE**

This cause is before the Court on Plaintiffs Ingram Micro, Inc.'s ("Ingram") and Brightpoint North America L.P.'s ("Brightpoint") (collectively "Plaintiffs") objections to the Magistrate Judge's Report and Recommendations (Filing No. 88) denying Plaintiffs' Motion for Prejudgment Order of Possession and Attachment or, in the Alternative, For Sequestration and Expedited Hearing (Filing No. 21), granting Defendants Infinity Group Enterprises' ("Infinity") and John J. Parker a/k/a Jason Parker's ("Parker") (collectively "Defendants") Motion to Reduce Fund Balance

([Filing No. 80](#)), and  granting Parker's Motion to Dismiss Replevin Claim ([Filing No. 17](#)).[1] The issues underlying these motions have been briefed by the parties and the Magistrate Judge held a telephonic hearing on several of these motions.  Having reviewed the Report and Recommendations, as well as the objections and briefing of the parties, the Court hereby **adopts** in its entirety the Magistrate Judge's Report and Recommendations on all motions.

I.  **Preliminary Motion for Leave to File Reply in Support**

After filing their original objections to the Magistrate Judge's Report and Recommendation, Plaintiffs' sought leave to file a reply in support of their objections after Defendants filed a response. ([Filing No. 94](#).) As there has been no objection from Defendants regarding Plaintiffs' Motion, Plaintiffs' Motion for Leave to File a Reply in Support is **granted**.

II. **Plaintiffs' Objection to Magistrate Judge's Report and Recommendation on Plaintiffs' Motion for Prejudgment Order of Possession and Attachment or, in the Alternative, For Sequestration and Motion to Reduce Fund Balance (Filing Nos. 21 and 80).**

Plaintiffs object to the Magistrate Judge's Report recommending that the Court deny Plaintiffs' Motion for Prejudgment Order of Possession and Attachment or, in the Alternative, For Sequestration. The basis for Plaintiffs' objection is that the Report "overlooks the undisputed fact that Plaintiffs' security interest already encumbers the Infinity bank account holding the sequestered funds." ([Filing No. 89 at 7](#).) Plaintiffs argue that the 2019 security agreement entitles them to possession of Infinity's deposit accounts. *Id.* at 10. Additionally, Plaintiffs contend that they have satisfied both the statutory and rule-based grounds for pre-judgement attachment based

---

[1] The Magistrate Judge's Report and Recommendations also denied Infinity's Motions to Dismiss (Filing Nos. 12 and 14). The parties were afforded due opportunity pursuant to statute and rules of this Court to file objections to these portions, but none were filed. The Court, having considered the Report and Recommendations, hereby adopts these portions of Magistrate Judge's Report and Recommendation. Defendants' Motions to Dismiss are **DENIED.**

on Defendants' status as non-residents and Defendants' alleged fraudulent intent to hinder, cheat, or delay collection efforts. *Id.* at 12-14.

Under Federal Rule of Civil Procedure 72(b), the District Court reviews the Magistrate Judge's recommended disposition *de novo*. Having reviewed the Magistrate Judge's Report and Recommendation on the parties' motions, the Court hereby adopts the opinions as its own. The Magistrate Judge clearly and adequately explained his reasoning in denying Plaintiffs' request to sequester funds. Sequestration is an extraordinary remedy, and Plaintiffs failed to convince this Court that it was necessary in this case. As for Plaintiffs' allegations regarding pre-judgment attachment, while the Court agrees that Defendants are non-residents, it does not believe that Plaintiffs have shown Defendants have any fraudulent intent as they have consistently followed the Court's orders. Accordingly, the Court **overrules** Plaintiffs' objections and **adopts** the recommendations set forth in the Magistrate Judge's Report. Plaintiffs' Motion for Prejudgment Order of Possession and Attachment or, in the Alternative, For Sequestration (Filing No. 21) is **denied**. Additionally, Defendants' Motion to Reduce Fund Balance (Filing No. 80) is **granted** as Defendants provided certification (Filing No. 90) that the remaining $18,510.00 payment has been made.

### III.     Plaintiffs' Objection to Magistrate Judge's Report and Recommendation on Parker's Motion to Dismiss Replevin Claim (Filing No. 17).

Plaintiffs also object to the recommendation that Parker's Motion to Dismiss the replevin claim against him should be granted. Like their previous arguments, Plaintiffs assert that they are "entitled to possession of the deposit account and the funds admittedly transferred therefrom." (Filing No. 89 at 10.) Plaintiffs appear to be arguing that Parker's testimony that he is in possession of the encumbered deposit account holding the sequestered funds, and alleged transfers, is enough to prevent dismissal of their claim.

3

Upon review of the Magistrate Judge's recommendation regarding dismissal of the replevin claim against Parker, the Court finds the analysis well-reasoned and correct. Plaintiffs have received all physical devices sought from Defendants and have no reasonable basis for their replevin claim against Parker. Additionally, Parker's professional role with Infinity make it reasonable that he has control over the Infinity bank account. As this Court has found no additional reason for Infinity to maintain a sequestered fund balance nor any credibility in Plaintiffs' alleged fraudulent intent accusations against Parker, there is no reason for this claim to remain. The Court hereby **overrules** Plaintiffs' objection and **adopts** the recommendations contained in the Magistrate Judge's Report and Recommendation regarding Parker's Motion to Dismiss Replevin Claim. Parker's Motion to Dismiss Replevin Claim is **granted**.

## IV.   Conclusion

The Court, having considered the Magistrate Judge's Report and Recommendation, hereby adopts the Magistrate Judge's Report and Recommendation. The Court **GRANTS** Parker's Motion to Dismiss Replevin Claim (Filing No. 17), Defendants' Motion to Reduce Fund Balance (Filing No. 80), and Plaintiffs' Motion for Leave to File Reply in Support of Objection to the Magistrate Judge's Report and Recommendation on Pending Motions (Filing No. 94). The Court **DENIES** Defendants' Motion to Dismiss (Filing No. 12) and (Filing No. 14) and Plaintiffs' Motion for Order of Possession and/or Attachment or, in the Alternative, Sequestration (Filing No. 21).

**SO ORDERED.**

Date:   2/24/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

4

Distribution:

David J. Campbell
O'HANLON, DEMERATH & CASTILLO
dcampbell@808west.com

Kevin Dale Koons
KROGER GARDIS & REGAS LLP
kdk@kgrlaw.com

Melissa J. McCarty
KROGER GARDIS & REGAS LLP
mmccarty@kgrlaw.com

Harley K Means
KROGER GARDIS & REGAS LLP
hkm@kgrlaw.com

Jessica Williams Schnelker
CHURCH CHURCH HITTLE & ANTRIM (Noblesville)
jschnelker@cchalaw.com